UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MAHATTAN DIVISION
───────────────────────────────────── x

CHRISTOPHER POLK,
*individually, and on behalf of all others
similarly situated,*

              Plaintiff,                     **Case No.: 1:21-cv-00129-PAE**

v.

DEL GATTO, INC.,

              Defendant.

───────────────────────────────────── x

# DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT UNDER FRCP 12(b)(1) and 12(b)(6)

# Table Of Contents

| | |
|---|---|
| **Table of Authorities** | i |
| **Preliminary Statement** | 1 |
| **Argument** | 2 |
| **Point I: The Court May Consider Del Gatto's Declaration** | 2 |
| **Point II: The Complaint Should Be Dismissed Because This Court is Deprived of Subject Matter Jurisdiction** | 3 |
| **Point III: Plaintiff's Breach Of Contract Claim Must Fail** | 6 |
|     A. The Terms of Use Prohibit Plaintiff from Bringing a Claim | 6 |
|     B. COVID-19 and the Limitations Presented by Executive Orders in New York State Established Impracticability | 6 |
| **Point IV: Plaintiff Has Failed To State A Claim Under New York General Business Law §349** | 7 |
| **Point V: Plaintiff's Claim For Unjust Enrichment Must Be Dismissed** | 8 |
| **Conclusion** | 9 |

## Table of Authorities

## Cases

*Abrams v. Interco, Inc.*, 719 F.2d 23 n.9 (2d Cir. 1983).................................................................. 8

*Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y 2000)................................................................. 5

*Antares Aircraft v. Federal Republic of Nigeria*, 948 F.2d 90, (2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215 (1992)........................................................................................ 5

*Bentivoglio v. Event Cardio Grp., Inc.*, No. 18-cv-2040 (PKC), 2019 U.S. Dist. LEXIS 206381, at *19 (S.D.N.Y. Nov. 27, 2019)....................................................................................... 12

*Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016) .................................................................. 7

*Condado Plaza Acquisition LLC*, 620 B.R. 820 (Bankr. S.D.N.Y. 2020)................................... 10

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) ........................................... 6

*Cruz v. FXDirectDealer, LLC*, 720 F.3d 115 (2d Cir. 2013)....................................................... 11

*Cruz. Wright v. Publrs. Clearing House, Inc.*, 439 F. Supp. 3d 102 (E.D.N.Y. 2020) ................ 11

*Faulkner v. Beer*, 463 F.3d 130 (2d Cir. 2006)............................................................................. 6

*Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227 (E.D.N.Y. 2003)........... 5

*Fox v. Bd. of Trustees of State Univ. of New York*, 42 F.3d 135 (2d Cir. 1994)............................ 7

*Geismann v. ZocDoc, Inc.*, 850 F.3d 507 (2d Cir. 2017) *vacated*, 909 F.3d 534 (2d Cir. 2018) ... 7

*Goshen v. Mut. Life Ins. Co.*, 774 N.E.2d 1190 (2002) ............................................................... 11

*iSentium, LLC v. Bloomberg Finance L.P.*, No. 17-cv-7601 (PKC), 2018 U.S. Dist. LEXIS 196292, (S.D.N.Y. Nov. 16, 2018) ......................................................................................... 12

*Kel Kim Corp. v. Cent. Mkts., Inc.*, 70 N.Y.2d 900 (1987) .......................................................... 10

*L & K Holding Corp. v. Tropical Aquarium at Hicksville, Inc.*, 596 N.Y.S.2d 468 (2d Dept. 1993)......................................................................................................................................... 9

*Leonzo v. First Unum Life Ins. Co.*, 93 Civ. 0535 (KTD), 1995 U.S. Dist. LEXIS 12243, at *9 (S.D.N.Y. Aug. 23, 1995) ......................................................................................................... 9

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................................................... 9

*McCauley v. Trans Union, L.L.C.*, 402 F.3d 340 (2d Cir. 2005)................................................... 7

*Murphy v. Equifax Check Servs., Inc.*, 35 F. Supp. 2d 200 (D. Conn. 1999) ............................... 5

*Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998) ......................................... 10

*TAG 380, LLC v. ComMet 380, Inc.*,10 N.Y.3d 507 (2008)......................................................... 8

Defendant, Del Gatto, Inc. ("Del Gatto"), respectfully submits this reply memorandum of law in further support for its motion to dismiss Plaintiff's Complaint ("Complaint") pursuant to the Federal Rules of Civil Procedure ("FRPC") 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

Del Gatto has continuously made every effort to ensure all sellers of jewelry on its Internet marketplace were paid amounts due them under Del Gatto's Terms of Use. Plaintiff admits as much in his opposition papers, stating he was tendered payment on February 5, 2021 but refused to deposit the check. Despite Plaintiff's allegations of a putative class, to Del Gatto's knowledge, no other persons are similarly situated to Plaintiff because all other users of Del Gatto's marketplace who are entitled to payment have accepted payment from Del Gatto. Simply put, Plaintiff is holding out in an effort to perpetuate litigation and achieve by maintaining an attempted class action a financial windfall which he is not entitled to contractually or otherwise. Because Plaintiff was tendered all he is due under Del Gatto's Terms of Use, his claim is moot. To the extent Plaintiff might plead that, at some point in time, others were "similarly situated" to Plaintiff, that statement is no longer credible, and Plaintiff's opposition does not disturb those points.

Moreover, it is apparent that Plaintiff, a Florida resident, ignored the debilitating impact COVID-19 had on businesses based in New York County. Del Gatto employees were unable to return to their Manhattan office for several months. Supply chains, couriers, and other business operations slowed substantially, exacerbating existing payment processing issues Del Gatto was endeavoring to fix. The result was a backlog in payouts to sellers of jewelry on Del Gatto's marketplace. Nevertheless, Del Gatto has honored its obligation to Plaintiff and has already offered Plaintiff more than he could reasonably receive in maintaining the instant lawsuit. That offer was declined.

At this juncture, Defendant's motion to dismiss Plaintiff's Complaint should be granted because this Court lacks subject matter jurisdiction over Plaintiff's claims since there is no longer an active controversy. Furthermore, Plaintiff's claims for breach of contract, violation of New York General Business Law §349, and unjust enrichment are untenable in light of payment made to Plaintiff and the Terms of Use.

## ARGUMENT
## POINT I:
### THE COURT MAY CONSIDER DEL GATTO'S DECLARATION

Courts may consider extrinsic evidence deemed relevant on a motion to dismiss. "On a motion under [Rule] 12(b)(1) challenging the district court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Antares Aircraft v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215 (1992); *Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227, 231-32 (E.D.N.Y. 2003).

The declaration of Josh Opperman, Chief Technical Officer and Marketplace President for I Do Now I Don't, (the "Declaration") establishes that the Court lacks subject matter jurisdiction over Plaintiff's claims. Opperman states in the Declaration that "Polk was tendered the full amount due and owing via check received by Polk on February 5, 2021." Declaration at ¶ 39. Once a plaintiff has received all the relief that a fully litigated claim can recover, the plaintiff no longer has standing to bring suit, and thus the court lacks subject matter jurisdiction. *Murphy v. Equifax Check Servs., Inc.*, 35 F. Supp. 2d 200, 203 (D. Conn. 1999); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452 (E.D.N.Y 2000). Moreover, Del Gatto offered Polk $12,500 in settlement – an amount which no doubt covers Plaintiff's claims for interest for the months-long delay in payment and reasonable attorneys' fees in pursuing Polk's claim. The Declaration is integral to its argument as, without its inclusion, the Court would be unaware of the undisputed fact that

Plaintiff has been tendered the full amount contractually due and owing to him, and unable to properly decide the question of subject matter jurisdiction. Thus, the Court may properly consider the Declaration in deciding the issue of subject matter jurisdiction under Rule 12(b)(1).

Furthermore, "consideration of materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). For a document outside of the complaint to be considered on a 12(b)(6) motion, the document must be "integral" to the complaint, and "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Id*. "[W]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)

Plaintiff's claims are premised on the fact that Polk did not receive payment from Del Gatto. However, on February 5, 2021, Plaintiff was tendered the entire amount due to him under the Terms of Use. Declaration at ¶ 39. Plaintiff's opposition verifies this statement: "a check was finally mailed to Plaintiff in February 2021 for $3,400—the $4,000 sale price minus a commission. Plaintiff never cashed or accepted the check…" Plaintiff's Opposition to Defendant's Motion to Dismiss ("Dk. # 21") at 2. Thus, Plaintiff admits he had notice of the information in the Declaration, and there is no dispute of the accuracy of the Declaration. Thus, the Court may properly consider the Declaration on its ruling pursuant to 12(b)(1) and 12(b)(6), and Plaintiff will not be prejudiced the Court's consideration of the Declaration.

**POINT II:**

**THE COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT IS DEPRIVED OF SUBJECT MATTER JURISDICTION**

Plaintiff erroneously relies on *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016) and *Geismann v. ZocDoc, Inc.*, 850 F.3d 507, 513 (2d Cir. 2017) *vacated*, 909 F.3d 534 (2d Cir.

2018) to argue that an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case. *Campbell-Ewald* and *Geismann* are distinguishable from the facts presented here because both cases concerned violations of the Telephone Consumer Protection Act (TCPA), which permits a plaintiff to bring a cause of action for actual monetary loss or each violation. *Campbell-Ewald Co.*, 577 U.S. at 156; *see also*, *Geismann*, 909 F.3d at 537-38. Here, Plaintiff's suit involves an alleged breach of contract, not a statutory violation with relatively certain damages for Plaintiff and putative class members. Indeed, the facts here are distinguishable because Del Gatto has tendered full payment to Plaintiff, whereas in both *Campbell-Ewald Co.* and *Geismann,* Defendants attempt to settle with Plaintiffs pursuant to Rules 68 and 67. *Campbell-Ewald Co.*, 577 U.S. at 165; *see also*, *Geismann*, 909 F.3d at 542. Finally, unlike *Campbell-Ewald Co.* and *Geismann,* Plaintiff here has not yet sought class certification and the Court is not required to consider whether certification is warranted at this stage.

It is well settled that "[f]ederal courts lack jurisdiction in a case because of mootness 'when the parties lack a legally cognizable interest in the outcome.'" *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 341 (2d Cir. 2005), *quoting. Fox v. Bd. of Trustees of State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994). The required legally cognizable interest has alternatively been described as a requirement that a plaintiff have a 'personal stake' in the litigation. *Fox*, 42 F.3d at 140. Plaintiff and any would-be class members have been paid (or at least offered payment) in full pursuant to the Terms of Use governing each individual transaction. Thus, Plaintiff (who was offered even more than what he was due under the Terms of Use, yet still refused) no longer has a personal stake in this litigation. Plaintiff's opposition papers state that "Del Gatto still is withholding its wrongfully retained commission (the fee subtracted from the $4,000 sale)— damage expressly sought in Plaintiff's Complaint. Nor did Del Gatto offer attorneys' fees or costs, an admission of liability, or any relief for the class." Dk. # 21 at 8.

4

First, Plaintiff cannot plead that Del Gatto's retention of a commission pursuant to the Terms of Use was improper. Indeed, Plaintiff expressly agreed to Del Gatto's commission. See Exhibit A to Compl. at ¶ 9 ("You agree to the applicable sellers' commission."). Aside from Plaintiff's claims as to delayed payment, Plaintiff does not allege Del Gatto failed to perform in any other material way. In fact, Plaintiff's pleadings acknowledge that Del Gatto hosted Plaintiff's jewelry for sale on its marketplace for several months, found a willing buyer, and delivered Plaintiff's jewelry to that willing buyer in exchange for payment. Plaintiff makes no legal or factual argument why Del Gatto is not entitled contractually entitled to its full and proper commission.

Second, Plaintiff is not entitled to attorneys' fees or costs under the Terms of Use or any other credible theory of recovery. *TAG 380, LLC v. ComMet 380, Inc.*,10 N.Y.3d 507, 515 (2008) ("generally, in a breach of contract case, a prevailing party may not collect attorneys' fees from the non-prevailing party unless such award is authorized by agreement between the parties, statute or court rule.") Again, Plaintiff does not allege any contractual entitlement to attorneys' fees or costs. It must be remembered that Plaintiff's counsel otherwise rejected a settlement offer which would have compensated Plaintiff for the delay in payment and costs of commencing suit.

Third, as demonstrated below, Plaintiff has failed to establish a claim under N.Y. General Business Law §349. Moreover, the Second Circuit has determined that a party's "unwillingness to admit liability is insufficient, standing alone, to make this case a live controversy." *Abrams v. Interco, Inc.*, 719 F.2d 23, 33 n.9 (2d Cir. 1983).

Lastly, Plaintiff does not have standing to provide relief for a proposed class (and no purported class has even been identified, much less certified, to date). There are three constitutionally required elements for a Plaintiff to have standing, "(i) an injury in fact (ii) that is fairly traceable to the defendant and (iii) that is likely to be redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). As Plaintiff himself has stated in his pleadings that he has been tendered payment in full, he can no longer be redressed by a favorable decision by this Court. Consequently, the Court lacks subject matter jurisdiction against Plaintiff and Plaintiff cannot maintain this suit.

## POINT III:
## PLAINTIFF'S BREACH OF CONTRACT CLAIM MUST FAIL
### A. The Terms of Use Prohibit Plaintiff from Bringing a Claim.

Plaintiff improperly interprets the "Release" paragraph of the Terms of Use. Exhibit A of Complaint ¶ 16. In sum, the paragraph indemnifies Del Gatto from any breach of representation or warranty within the Terms of Use. *Id*. Under New York Law, "[w]hen the release is clear and unambiguous on its face and is knowingly and voluntarily entered into, it will be enforced as a private agreement between the parties." *Leonzo v. First Unum Life Ins. Co.*, 93 Civ. 0535 (KTD), 1995 U.S. Dist. LEXIS 12243, at *9 (S.D.N.Y. Aug. 23, 1995); *L & K Holding Corp. v. Tropical Aquarium at Hicksville, Inc.*, 596 N.Y.S.2d 468, 469 (2d Dept. 1993). Plaintiff asserts he agreed to the Terms of Use contract with Del Gatto. Complaint at ¶ 35. Nor has Plaintiff alleged that the language of the contract was unclear or ambiguous. As such, this term of the contract should be enforceable to prohibit Plaintiff from bringing a claim.

### B. COVID-19 and the Limitations Presented by Executive Orders in New York State Established Impracticability

Plaintiff has failed to demonstrate that Del Gatto refused to perform under the contract because it was "burdensome" or "unprofitable." *In re Condado Plaza Acquisition LLC*, 620 B.R. 820, 840 (Bankr. S.D.N.Y. 2020), *citing Kel Kim Corp. v. Cent. Mkts., Inc.*, 70 N.Y.2d 900, 902(1987). From March 20, 2020, to June 8, 2020, Del Gatto employees could not return to their Manhattan office because of Executive Order 202.6, shuttering New York's non-essential businesses. Declaration at ¶ 14 and 23. If Del Gatto violated the Executive Order, it risked "fines

6

up to $10,000 per violation" and, importantly, put its employees at risk of exposure to COVID-19.[1] Del Gatto attempted to transition to remote work, but it was difficult as Del Gatto relies upon other vendors to complete transactions. *Id.* at ¶ 17-20. Ultimately, Del Gatto processed orders remotely, but with the appurtenant delays. *Id*. at ¶ 21.

Further, Del Gatto's argument is not premature as "[a]n affirmative defense may be raised by a ... motion to dismiss ... if the defense appears on the face of the complaint.'" *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). When the suit was commenced, Del Gatto had not yet rendered payment to Polk, due to delays occasioned by the pandemic. Further, the existence of the government orders are not extrinsic to the pleadings, and the Court may take judicial notice of the fact that these governmental orders were in effect during the timeframe alleged in the Complaint. Fed. R. Evid. 201. Thus, Del Gatto has not exceeded the scope of the complaint in raising its affirmative defense.

**POINT IV:**

**PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER NEW YORK GENERAL BUSINESS LAW §349**

Despite Plaintiff's reliance on the choice of law provision in the contract, New York General Business Law §349 is inapplicable here because the alleged deception of Plaintiff did not occur in New York. *Goshen v. Mut. Life Ins. Co.*, 774 N.E.2d 1190, 1196 (2002) ("[t]hus, to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York."). In *Cruz*, the Second Circuit established that General Business Law §349 "focus[es] on the location of the transaction, and in particular the strength of New York's connection to the allegedly deceptive transaction, rather than on the residency of the parties" *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 122 (2d Cir. 2013). However, *Cruz*, is factually distinguishable from Plaintiff's claims. *Cruz* involved a defendant, FXDD, that operated an

---

[1] https://esd.ny.gov/guidance-executive-order-2026 (last accessed March 24, 2021)

online foreign currency exchange in which FXDD not only operated the exchange, but was also a participant. *Id*. at 118. FXDD established pervasive pattern of deception including:

> (1) rerouting profitable customer trading activity to a "slow server," which delays trades and allows FXDD to "hijack" customer profits by buying and selling in the time between a customer's order and trade execution; (2) refusing to execute profitable customer trade orders by generating false error messages; (3) creating false short-term price spikes to trigger a customer's stop order for a given trade; and (4) manipulating prices so that the change in price between the time the price is quoted and a market order is placed generally favors FXDD over its customers.

*Id.* at 119. The Court's broad interpretation of Section 349 was in direct reaction to FXDD's actions in violation of federal law. Here, the facts are entirely distinguishable. Plaintiff cannot plead alleged deception in New York as compared to the Plaintiff in *Cruz*. Ultimately, "[the General Business Law §349] was not intended to police the out-of-state transactions of New York companies." *Goshen v.* 774 N.E.2d 1190 at 1196.

Plaintiff has not alleged a sufficient connection to New York under *Cruz* and *Goshen* for General Business Law §349 to apply. In *Wright*, the Court found that when "that the Defendants hatched the deceptive scheme in New York; sent the relevant advertising materials from New York; and received payment and processed orders in New York," the Plaintiffs still failed to establish a transactional nexus to New York pursuant to *Cruz*. *Wright v. Publrs. Clearing House, Inc.*, 439 F. Supp. 3d 102, 110 (E.D.N.Y. 2020). Plaintiff does not allege he ever traveled to New York or dealt with Del Gatto in New York. To the contrary, Plaintiff states he is a resident of Florida and that the subject transaction occurred entirely over the Internet from his residence in Florida. Any alleged nexus to New York relates only to Del Gatto's physical office location. As such, Plaintiff cannot assert a claim under General Business Law §349

## POINT V:
## PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT MUST BE DISMISSED

Plaintiff's unjust enrichment claim is duplicative of its breach of contract claim and can be dismissed at the pleading stage without requiring Defendant to conceded the validity of the

8

contract at issue. As determined by the cases cited by Plaintiff, "when a plaintiff has asserted a viable breach of contract claim, an unjust enrichment claim should be dismissed as redundant." *Bentivoglio v. Event Cardio Grp., Inc.*, No. 18-cv-2040 (PKC), 2019 U.S. Dist. LEXIS 206381, at *19 (S.D.N.Y. Nov. 27, 2019) *quoting*, *iSentium, LLC v. Bloomberg Finance L.P.*, No. 17-cv-7601 (PKC), 2018 U.S. Dist. LEXIS 196292, (S.D.N.Y. Nov. 16, 2018). Furthermore, Del Gatto has already affirmed that "the Terms and Conditions govern the transactions and occurrences at issue in this litigation." Defendant's Memorandum of Law in Support of Its Motion to Dismiss "Dk. #18" at 17). It is unclear why Plaintiff requests Del Gatto concede the validity of the contract when it has already done so. Therefore, Plaintiff's unjust enrichment claim must be dismissed as duplicative.

## CONCLUSION

Based on the foregoing and Defendant's motion to dismiss, Defendant's declaration in support of its motion to dismiss may be considered, this Court lacks subject matter jurisdiction of over Plaintiff's claims, Plaintiff's cause of action for breach of contract must fail, Plaintiff cannot make a claim under New York General Business Law §349, and Plaintiff's claim for unjust enrichment must be dismissed. Ultimately, Defendant respectfully requests the Court grant Del Gatto's motion to dismiss the complaint with prejudice.

Dated: March 31, 2021                               Respectfully submitted,

**Falcon Rappaport & Berkman, PLLC**

By: _____
    Paul M. O'Brien (PO1990)
    Moish E. Peltz (MP3333)

*Attorneys for Defendant*
1185 Avenue of the Americas, 3rd Floor
New York, New York 10036

265 Sunrise Highway, Suite 50
Rockville Centre, New York 11570