

July 27, 2021

The Honorable Judge Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**VIA ECF**

Re:   Joint Letter
      Christopher Polk v. Del Gatto Inc.
      Docket No.: 1:21-cv-00129(PAE)

Dear Judge Engelmayer:

This firm represents the Defendant, Del Gatto Inc. ("Del Gatto") in the above-mentioned action. On behalf of Del Gatto and Plaintiff Christopher Polk ("Polk"), and pursuant to Your Honor's Part Rule 2(B) we jointly write to describe the case, contemplated motions, and the prospect of settlement.

I.   Case Description

Del Gatto operates an online marketplace, I Do Now I Don't ("IDNID") wherein Del Gatto allows sellers to list their jewelry products on its website, verifies the authenticity of the goods, and then ships the seller's jewelry to buyers. After the transaction is complete, Del Gatto receives a commission of the sales price and the remaining funds are paid to the seller.

As alleged in the Complaint: Polk sold an engagement ring through the IDNID marketplace in January 2020. After approximately four months, a buyer purchased the ring and on June 22, 2020, and paid Del Gatto $4,000 for the ring. Polk sent the ring to New York to be appraised by Del Gatto (which was received in New York on June 22, 2020). Del Gatto's gemologist approved the ring and Del Gatto sent the ring to the buyer. On or about July 31, 2020, the buyer received the ring. Del Gatto's Terms of Use ("TOU") state that the seller will be paid on the 15th day of the month following the sale of the jewelry. Polk expected payment from Del Gatto on August 15, 2020. Beginning on or about August 18, 2020, through November 8, 2020, Polk sent a series of emails to Del Gatto seeking payment. Del Gatto replied to Polk's emails informing him that the New York office was closed and that the company was experiencing delays due to the COVID-19 pandemic.

Two more months passed without payment, and on January 7, 2021, Polk brought the instant putative class action litigation against Del Gatto alleging that Del Gatto failed to pay him and other sellers in violation of the parties' contracts. Polk brought claims for (1) breach of contract; (2) deceptive and unfair trade practices in violation of New York General Business Law

1185 AVENUE OF THE AMERICAS | FLOOR 3
NEW YORK, NEW YORK 10036
P: (212) 203-3255 F: (212) 203-3215

265 SUNRISE HIGHWAY | SUITE 50
ROCKVILLE CENTRE, NEW YORK 11570
P: (516) 599-0888 F: (516) 599-0889

("GBL") § 349; and (3) common law unjust enrichment. Approximately one month later, on February 4, 2021, Del Gatto tendered Polk payment totaling $3,400 (the ring's sale price minus a commission) on February 4, 2021, but Polk has not cashed or deposited the check to date. On February 24, 2021, Del Gatto filed a motion to dismiss the Plaintiff's Complaint. On March 17, 2021, Polk submitted a memorandum of law in opposition to the Defendant's motion to dismiss. On March 31, 2021, Del Gatto submitted a reply memorandum of law in support of the motion to dismiss. On July 23, 2021, Your Honor rendered an opinion and order denying Del Gatto's motion to dismiss the Complaint's breach of contract claim but granted the motion as to Polk's GBL and unjust enrichment claims.

II. Contemplated Motions

None at this time.

III. Prospects for Settlement

Both Del Gatto and Polk have engaged in settlement conversations and continue to discuss the opportunity for an early resolution in this matter. The parties will cooperate in the exchange of pertinent information including information on alleged overdue payments to Del Gatto's users and more information on the nature of Polk's transaction with IDNID to assist in reaching a settlement. Moreover, the parties may in the future consider participating in Court provided ADR or engaging a private mediator to help resolve the case should the informal discussions not result in settlement. Counsel for both parties are committed to consistent, open, and frank dialog to further the resolution of this matter.

We greatly appreciate Your Honor's time and consideration in this matter and should the Court require any further information we are available at the Court's convenience.

Very truly yours,

**Falcon Rappaport & Berkman PLLC**

/s/ Moish E. Peltz
By: Moish E. Peltz, Esq.

MEP/jmm