UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| CHRISTOPHER POLK, *individually, and on behalf of all others similarly situated*, | |
| Plaintiff, | Case No.: 1:21-cv-00129-PAE |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES** |
| DEL GATTO, INC., | |
| Defendant. | |

Defendant, Del Gatto, Inc., ("Defendant" or "Del Gatto"), by and through its undersigned attorneys Falcon, Rappaport & Berkman PLLC**,** hereby responds to plaintiff, Christopher Polk's ("Plaintiff" or "Polk") Complaint as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      Admits the allegations in paragraph 2 of the Complaint to the extent that Del Gatto operates an online consumer-to-consumer jewelry marketplace and Del Gatto authenticates jewelry, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint.

3.      Admits the allegations in paragraph 3 of the Complaint to the extent that Del Gatto markets to jewelry owners, but denies the remaining allegations in paragraph 3 of the Complaint.

4.      Admits the allegations in paragraph 4 of the Complaint to the extent that Del Gatto's terms and conditions state that sellers will be paid on the fifteen day of the following month and that the payments will be sent by check via USPS, but denies the remaining allegations in paragraph 4 of the Complaint.

5.      Denies the allegations in paragraph 5 of the Complaint.

6.      Admits the allegations in paragraph 6 of the Complaint to the extent that Plaintiff's ring was sold to a Buyer in June 2020, Del Gatto received payment from Buyer in June 2020, and the ring was delivered to the buyer in July 2020, but denies the remaining allegations in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.      Denies the allegations in paragraph 8 of the Complaint.

9.      Denies the allegations in paragraph 9 of the Complaint.

10.     Denies the allegations in paragraph 10 of the Complaint.

11.     Admits the allegations in paragraph 11 of the Complaint.

12.     Admits the allegations in paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     Admits the allegations in paragraph 14 of the Complaint.

15.     Admits the allegations in paragraph 15 of the Complaint.

16.     Admits the allegations in paragraph 16 of the Complaint to the extent that in September 2015, Chris Del Gatto launched Del Gatto, Inc. that is a majority stakeholder in "I Do Now I Don't" but denies the remaining allegations in paragraph 16 of the Complaint.

17.     Admits the allegations in paragraph 17 of the Complaint.

18.     Denies the allegations in paragraph 18 of the Complaint.

19.     Admits the allegations in paragraph 19 of the Complaint.

20.     Admits the allegations in paragraph 20 to the extent that it warns consumers to "be

aware that facilitating transactions with Buyers or Sellers outside of the secure IDNID platform may result in fraud," but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint.

21.    Admits the allegations in paragraph 21 of the Complaint.

22.    Admits the allegations in paragraph 22 of the Complaint.

23.    Admits the allegations in paragraph 23 of the Complaint.

24.    Admits the allegations in paragraph 24 of the Complaint.

25.    Admits the allegations in paragraph 25 of the Complaint.

26.    Admits the allegations in paragraph 26 of the Complaint.

27.    Admits the allegations in paragraph 27 of the Complaint.

28.    Admits the allegations in paragraph 28 of the Complaint.

29.    Admits the allegations in paragraph 29 of the Complaint.

30.    Admits the allegations in paragraph 30 of the Complaint.

31.    Admits the allegations in paragraph 31 of the Complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.    Denies the allegations in paragraph 34 of the Complaint to the extent is describes Del Gatto's website marketing as "deceptive and inaccurate," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint.

35.    Admits the allegations in paragraph 35 of the Complaint.

36.     Admits the allegations in paragraph 36 of the Complaint to the extent that on January 9, 2020 Del Gatto created an account and Del Gatto reviewed, verified, and approved his listing for $4,000, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint.

37.     Admits the allegations in paragraph 37 of the Complaint.

38.     Admits the allegations in paragraph 38 of the Complaint.

39.     Admits the allegations in paragraph 39 of the Complaint.

40.     Admits Del Gatto e-mailed Polk a two-day shipping label, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the Complaint.

41.     Admits the allegations in paragraph 41 of the Complaint.

42.     Admits the allegations in paragraph 42 of the Complaint.

43.     Admits the allegations in paragraph 43 of the Complaint.

44.     Admits the allegations in paragraph 44 of the Complaint.

45.     Admits the allegations in paragraph 45 of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47.     Admits the allegations in paragraph 47 of the Complaint as the document speaks for itself.

48.     Admits the allegations in paragraph 48 of the Complaint as the document speaks for itself.

49.     Admits the allegations in paragraph 49 of the Complaint to the extent that a representative of Del Gatto emailed Polk "we recognize our payment commitment to you and we

will do our best to resolve this matter for you as soon as possible," but denies the remaining allegations in paragraph 49.

50.     Admits the allegations in paragraph 50 of the Complaint as the document speaks for itself.

51.     Admits the allegations in paragraph 51 of the Complaint as the document speaks for itself.

52.     Admits the allegations in paragraph 52 of the Complaint as the document speaks for itself.

53.     Admits the allegations in paragraph 53 of the Complaint as the document speaks for itself, but denies the remaining allegations in paragraph 53.

54.     Denies the allegations in paragraph 54 of the Complaint.

55.     Denies the allegations in paragraph 55 of the Complaint to the extent that Del Gatto's conduct is "unlawful", and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58.     Admits the allegations in paragraph 58 of the Complaint, as the document speaks for itself.

59.     Denies the allegations in paragraph 59 of the Complaint.

60.     Neither admits nor denies the allegations of paragraph 60 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining

allegations.

61.     Denies the allegations in paragraph 61 of the Complaint.

62.     Neither admits nor denies allegations of paragraph 62 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining allegations.

63.     Neither admits nor denies allegations of paragraph 63 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining allegations.

64.     Denies the allegations in paragraph 64 of the Complaint.

65.     Denies the allegations in paragraph 65 of the Complaint.

66.     Denies the allegations in paragraph 66 of the Complaint.

67.     Denies the allegations in paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69.     Denies the allegations in paragraph 69 of the Complaint.

70.     Neither admits nor denies allegations of paragraph 70 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining allegations.

71.     Neither admits nor denies allegations of paragraph 71 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining allegations.

72.     Neither admits nor denies allegations of paragraph 72 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining

allegations.

73.     Neither admits nor denies allegations of paragraph 73 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining allegations.

74.     Neither admits nor denies allegations of paragraph 74 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining allegations.

75.     Neither admits nor denies allegations of paragraph 75 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining allegations.

76.     Neither admits nor denies allegations of paragraph 76 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 of the Complaint.

77.     Neither admits nor denies allegations of paragraph 77 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining allegations.

78.     Neither admits nor denies allegations of paragraph 78 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining allegations.

79.     Denies the allegations in paragraph 79 of the Complaint.

80.     Neither admits nor denies allegations of paragraph 80 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining

allegations.

81.     Neither admits nor denies allegations of paragraph 81 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining allegations.

82.     Denies the allegations in paragraph 82 of the Complaint.

83.     Neither admits nor denies allegations of paragraph 83 of the Complaint to the extent that they state legal conclusions to which no response is required, and denies the remaining allegations.

### COUNT I
**Breach of Contract**
**(On Behalf of the Class)**

84.     In response to paragraph 84, Defendant incorporates by reference its responses to paragraphs 1-83 as if set forth fully here.

85.     Admits the allegations in paragraph 85 of the Complaint to the extent they relate to Polk and denies the remaining allegations in paragraph 85.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint.

87.     Admits the allegations in paragraph 87 of the Complaint to the extent they relate to Polk and denies the remaining allegations in paragraph 87.

88.     Denies the allegations in paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint.

90.     Neither admits nor denies allegations of paragraph 90 of the Complaint to the extent that they state legal conclusions to which no response is required and denies the remaining

allegations.

91.     Denies the allegations in paragraph 91 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred due to impossibility.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred due to a material adverse event.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred due to hardship.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred due to limitation of liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred under the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they have failed to mitigate damages.

**WHEREFORE**, Defendant, Del Gatto demands Judgment dismissing the Complaint in its entirety together with the costs, disbursements, and expenses incurred by the Defendant in this action, denial of Plaintiff's class action certification, denial of all request for damages included but not limited to the demand that Del Gatto disgorge profits, and such other and further relief as the Court deems proper.

Dated: New York, New York
            August 20, 2021

Respectfully submitted,

/s/Paul M. O'Brien
By:    Paul M. O'Brien (PO1990)
        Moish E. Peltz (MP3333)
*Attorneys for Defendant*
1185 Avenue of the Americas
Third Floor
New York, New York 10036

265 Sunrise Highway
Suite 50
Rockville Centre, New York 11570